**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-19-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

GAMARD TALLEYRAND,                                    16 Civ. 5468 (CS)

                                   Plaintiff,          **STIPULATION OF**
                                                       **SETTLEMENT,**
          - against -                                  **GENERAL RELEASE,**
                                                       **AND ORDER OF DISMISSAL**
ANTHONY J. ANNUCCI, et al.,

                                   Defendants.
-------------------------------------------------------------- X

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff Gamard Talleyrand ("Plaintiff") and Defendants Anthony Annucci, Ada Perez, William Many, Mario Malvarosa, Kathy Todd-Scott, George Santiago, Adam Dixson, Jason Walker, Joseph O'Toole, Jennifer Martins, Nicholas Foldvik, Cheryl Kelly, Louis Peguero, May Reed, Peter Shanagher, Josephine Hudson, and Pandora Volpe (collectively "Defendants");

WHEREAS, Plaintiff commenced this action by filing a complaint on or about July 8, 2016, in this Court, Docket Number 16 Civ. 5468, against Defendants, in the above-captioned action ("the Action"), alleging that Defendants had violated Plaintiff's rights, under U.S.C. § 1983, during Plaintiff's incarceration in the New York State Department of Corrections and Community Supervision ("DOCCS") system; and

WHEREAS, Plaintiff filed an amended complaint (the "Amended Complaint") on or about September 11, 2016; and

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in the Amended Complaint in the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

1.   **Dismissal of the Action With Prejudice**

The Action and all claims asserted therein are discontinued with prejudice against Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 below.

2.   **Payment to Plaintiff and Plaintiff's Attorneys**

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of Ninety Thousand Dollars ($90,000), in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, DOCCS, the State of New York, or any of its predecessors, or any

2

of their current or former employees, subdivisions, units or related entities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

a.       The State of New York, on behalf of the Defendants, shall pay to Plaintiff and Plaintiff's Attorneys, Held & Hines, L.L.P., the sum of Ninety Thousand Dollars ($90,000), for which I.R.S. Forms 1099 shall be issued, in full satisfaction and complete satisfaction of: (1) any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and (2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

b.       The foregoing payment shall be made payable to Plaintiff, Gamard Talleyrand, and Plaintiff's attorneys, Held & Hines, L.L.P., and mailed to the attention of Plaintiff's attorneys at 2004 Ralph Avenue, Brooklyn, N.Y. 11234.

c.       Within thirty (30) days from receipt of the foregoing payment, Plaintiff's attorneys shall

3

deduct therefrom any and all sums due and owing for costs, disbursements and legal fees, in full satisfaction and complete satisfaction of any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action and forward the remaining balance to Plaintiff.

3.   **State Approval of Payment**

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation is subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and his counsel agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

4.   **Accrual of Interest**

In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount, as specified in paragraph 2 of this Settlement Stipulation, not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. If applicable, except for the payment to be made to Plaintiff's attorneys in satisfaction of any claims for attorneys' fees, costs and disbursements, the provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam

4

Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payments by Defendants hereunder.

5.    **Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff and Plaintiff's attorneys agree that they will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6.    **Responsibility of Plaintiff and Plaintiff's Attorneys for Liens**

Plaintiff and Plaintiff's attorneys agree that neither Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, nor any of their current or former officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) that may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff and Plaintiff's

attorneys shall have no claim, right, or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

7.    **Medicare Certification**

Plaintiff and Plaintiff's attorneys acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agree to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement.

8.    **Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their official

6

or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or DOCCS and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 2 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

9.   **General Release**

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, DOCCS, the State of New York, (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including but not limited to: (a) any and all

claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Amended Complaint in this Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, including but not limited to, his incarceration in the DOCCS system, (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to Plaintiff's incarceration in the DOCCS system. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

10.   **No Other Action or Proceeding**

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, DOCCS, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

8

11. **No Other Attorneys**

The undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in connection with the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The undersigned attorneys for Plaintiff agree to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

12. **No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

13. **Successors and Assigns**

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

14. **Authority**

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned

9

or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

15. **Voluntary Agreement**

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

16. **No Admission of Liability**

It is understood and agreed that any actions taken or payment made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action. Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

17. **No Precedential Value**

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph

herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18.   Entire Agreement

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19.   Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

### 20.   Severability

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

21. **Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

22. **Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

Dated:  New York, New York
        June 15 , 2017

                                          ERIC T. SCHNEIDERMAN
                                          Attorney General of the State of New York
                                          *Attorney for Defendants*

                                          **MARIA B. HARTOFILIS**
                                          Assistant Attorney General
                                          120 Broadway, 24th Floor
                                          New York, N.Y. 10271
                                          (212) 416-6295

12

Dated:  Brooklyn, New York
June *15*, 2017

                    **HELD & HINES, L.L.P.**
                    *Attorneys for Plaintiff*

                    PHILIP M. HINES, ESQ.
                    2004 Ralph Avenue
                    Brooklyn, N.Y. 11234
                    (718) 531-9700

Dated: *BROOKLYN*, New York
June *15*, 2017

                    *Plaintiff*

                    GAMARD TALLEYRAND

## ACKNOWLEDGMENT

On the *15* day of June, 2017, before me came, Plaintiff, Gamard Talleyrand, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

                    Notary Public
                    PHILIP MICHAEL HINES
                    Notary Public, State of New York
                    No. 02HI6293058
                    Qualified in Kings County
                    Commission Expires November 18, 20 *17*

**SO ORDERED:**

Dated:  White Plains, New York
June *19*, 2017

Hon. Cathy Seibel, U.S.D.J.

*Plaintiff's counsel has advised that Plaintiff is not pursuing the remaining Defendants, so the claims against them are dismissed.*

*The Clerk shall close the case.*

13

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

GAMARD TALLEYRAND

                             Plaintiff,

            - against -

ANTHONY J. ANNUCCI, et al.,

                        Defendants.

------------------------------------------------------------ X

16 Civ. 5468 (CS)

**AFFIDAVIT OF MEDICARE
ELIGIBILITY STATUS**

STATE OF NEW YORK     )
                           ) ss.:
COUNTY OF _____  )

      GAMARD TALLEYRAND, being duly sworn, deposes and says:

      1.     I am the Plaintiff in the above-captioned action ("the Action"), and currently

reside at _____.

      2.     I make and submit this affidavit with full knowledge that the same will be relied

upon by the Office of the Attorney General ("OAG"), its employees, agents, and representatives

in connection with the settlement of the Action, specifically as it relates to the State of New

York's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer

Act ("MSP"). I understand that a query will be or has been made to verify my current Medicare

eligibility status.

      3.     I hereby acknowledge and understand that as mandated by the Centers for

Medicare and Medicaid Services ("CMS") and promulgated by and through its rules and

regulations including, but not limited to, the MMSEA and MSP, I am required to: (a) reimburse

Medicare for *conditional payments* it has made on my behalf for injuries alleged in the Action

from the proceeds of the settlement herein; and/or (b) utilize the settlement proceeds to pay for

any future medical expenses, when necessary, for injuries alleged in the Action.

    4.    I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to MMSEA and MSP and as deemed necessary by the OAG.

    5.    I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to the MMSEA and MSP.

## PEDIGREE INFORMATION
*Please provide the noted personal background information.*

    6.    I have been known by the following names (please include any all aliases, former names, and/or maiden names): _____. I hereby acknowledge that I can be identified by these names and that all these names are indeed referring to me.

    7.    I consent to the OAG verifying my current Medicare eligibility for purposes of its compliance with the MMSEA and MSP, and affirm that:

    a.    my social security number is _____;

    b.    my date of birth is _____; and

    c.    my gender is male / female.

## CURRENT MEDICARE ELIGIBILITY
*Please initial and affirm your applicable current Medicare eligibility status.*

As of the date of this affidavit *(please select either paragraph [8] or [9])*:

    8.    _____    I am not currently receiving nor have I ever received Medicare coverage and/or benefits.

    9.    _____    I am a Medicare beneficiary and my Medicare Health Insurance Claim ("HIC") number is _____. I am aware of my obligation to reimburse Medicare for payments and/or benefits that I received directly or indirectly from Medicare for

medical expenses for any injuries alleged in the Action. I understand that reimbursement directly to Medicare may be made from any proceeds I receive from the settlement of the Action, and affirm that *(please select either sub-paragraph [a], [b], or [c])*:

     a.    ✐ _____ Medicare has confirmed that no payment is due and owing from the total proceeds of the settlement of the Action. ***(Please attach a copy of Medicare's letter.)***

     b.    ✐ _____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. ***(Please attach a copy of the Medicare reimbursement letter)***. In accordance with the attached Medicare reimbursement letter, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

     c.    ✐ _____ I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to the assigned Assistant Attorney General and to the OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG or the New York State Department of Health ("DOH"), or any of their officials, employees or agents, whether in their individual or official capacities, for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

## FUTURE MEDICARE ELIGIBILITY
✐ *Please initial and affirm applicable future Medicare eligibility status* ✐

As of the date of this affidavit *(please select either paragraph [10], [11] or [12])*:

10.    ✐ _____ I do not expect to be a Medicare recipient within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that:

     a.    I have not applied for Social Security Disability Insurance (SSDI);
     b.    I have not been denied SSDI and do not anticipate appealing that decision;
     c.    I am not in the process of appealing or re-filing for SSDI;

d.    I am not 62.5 years or older; and

e.    I do not have End Stage Renal Disease (a qualifying condition for Medicare).

11.   _____  I am not currently a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that *(please select either sub-paragraph [a]. or [b] and/or [c], as applicable)*:

a.   _____  I have not sought treatment for any injuries alleged in the Action and I do not require any future treatment for injuries alleged in the Action.

b.   _____  I have sought treatment for injuries alleged in the Action; however, I do not require any future treatment for injuries alleged in the Action. The required physicians' certification(s) for the injuries alleged in the Action is/are attached. The attached physicians' certification(s) attest(s) that there is no anticipated future treatment required for the injuries alleged in the Action.

c.   _____  I do require future treatment for the injuries alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement of the Action. I affirm this sum will be used for medicals expenses relating to the injuries alleged in the Action.

12.   _____  I am currently a Medicare beneficiary, and affirm that *(please select either sub-paragraph [a], or [b] and/or [c], as applicable)*:

a.   _____  I have not sought treatment for any injury alleged in the Action and I do not require any future treatment for injuries alleged in the Action.

b.   _____  I have sought treatment for injuries alleged in the Action; however, I do not require any future treatment for injuries alleged in the Action. The required physicians' certification(s) for the injuries alleged in the Action is/are attached. The attached physicians' certification(s) attest(s) that there is no anticipated future treatment required for the injuries alleged in the Action.

c.   _____   I do require future treatment for the injuries alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $ _____ , payable to _____ from the total proceeds of the settlement of the Action. I affirm this sum will be used for medicals expenses relating to the injuries alleged in the Action.


_____
GAMARD TALLEYRAND


Sworn to before me this
____ day of _____, 2017.


_____
NOTARY PUBLIC